IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

ANTHONY CIOLLI,                                    CASE NO.:

    Plaintiff,

vs.

ENVIORNMENTAL PEST SERVICE
HOLDINGS, LLC d/b/a ARROW
ENVIRONMENTAL SERVICES, a
Florida Limited Liability Company,

    Defendant.                                    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY CIOLLI ("Plaintiff"), by and through undersigned counsel, herby files this complaint against Defendant, ENVIORNMENTAL PEST SERVICE HOLDINGS, LLC d/b/a ARROW ENVIRONMENTAL SERVICES, a Florida Limited Liability Company ("Defendant"), and in support thereof states as follows:

### INTRODUCTION

1.    This is an action brought pursuant the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Americans with Disabilities Act, as amended, 42 U.S.C. 12101, et seq. ("ADAAA"), and the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 et seq. ("FCRA"), to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

1

## PARTIES

2. Plaintiff is an adult individual who resides in Manatee County, Florida.

3. Defendant is a Domestic Limited Liability Company, licensed and authorized to conduct business in the State of Florida, doing business in Hillsborough County, Florida.

4. At all times relevant hereto, Defendant maintained an office in Hillsborough County, Florida.

5. At all times relevant hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA, ADAAA, and FCRA.

6. At all times relevant hereto, Defendant was, and continues to be, "employers" within the meaning of the FMLA, ADAAA, and FCRA.

7. Defendant is an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day within a 75 mile radius during each of 20 or more calendar workweeks in the current or preceding calendar year.

8. Defendant is an employer under the ADAAA and the FCRA because, at all relevant times, it employed greater than 15 employees.

## JURISDICTION AND VENUE

9. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving the FMLA and ADAAA. Jurisdiction over Plaintiff's FCRA claim arises under the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

10. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Hillsborough County, Florida.

11. The illegal conduct complained of and the resultant injury occurred within the

judicial district in and for Hillsborough County, Florida.

12.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 19, 2020, with respect to his ADAAA and FCRA claims. On August 25, 2020, the EEOC issued its right-to-sue letter. Therefore this complaint is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

## FACTUAL ALLEGATIONS

13.     Plaintiff was hired by the Defendant around May 2018, as a home inspector.

14.     Over the course of Plaintiff's employment with Defendant, Plaintiff was a stellar employee, never receiving a single write-up or negative performance review.

15.     On or about July 3, 2019, through no fault of his own, Plaintiff broke his leg.

16.     Due to his injury Plaintiff requested FMLA leave.

17.     Defendant approved Plaintiff's request for FMLA and backed dated his FMLA to start the day of Plaintiff's injury, July 3, 2019, and end on September 25, 2019.

18.     On or about September 13, 2019, Plaintiff went to his doctor as part of his follow up routine and was informed that he was recovering faster than they expected.

19.     Plaintiff was then scheduled to have one last follow up appointment on October 14, 2019, where Plaintiff would then be fully released to work at fully capacity.

20.     Plaintiff's appointment was scheduled to follow one month after his last visit, but could have been scheduled at an earlier date had the Defendant requested Plaintiff to do so.

21.     On September 24, 2019, one day before Plaintiff's FMLA was set to end, Defendant abruptly terminated Plaintiff without any prior notice or communication.

22.     The Defendant's HR representative, Ms. Lillian Torres emailed Plaintiff informing him that his employment and benefits would end effective the same day Plaintiff's

FMLA was set to end.

23. Defendant's reasoning for Plaintiff's termination was the fact that Plaintiff had not returned to work yet, despite, Plaintiff's ongoing FMLA approved leave and Defendant's complete failure to make a baseline inquiry to see if providing Plaintiff with additional time would be a reasonable accommodation.

24. Defendant made zero efforts to accommodate Plaintiff in returning to work or to engage in any good-faith interactive process.

25. Had they, Defendant would have known that Plaintiff could have easily come back and performed light duties or had been fully cleared prior to the end of his FMLA leave. In fact, had Plaintiff known he was going to be terminated he would have returned to work in full and obtained a release from his treating physician.

26. It is also important to note, Plaintiff was fully cleared to return to work by his doctor just a few days after his termination.

27. As such, Defendant's discriminatory, retaliatory and interference with Plaintiff's rights under the FMLA, ADAAA, and FCRA proximately caused Plaintiff to suffer economic and non-economic damages.

## COUNT I
## FMLA - INTERFERENCE WITH RIGHT TO TAKE LEAVE

28. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through twenty-seven (27), above, as if fully set forth herein.

29. At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work under the FMLA.

30. At all times relevant hereto, Defendant's interference with Plaintiff's right to take leave from work violated the FMLA.

31. In July 2019, Plaintiff requested FMLA protected because of an injury he suffered.

32. Defendant interfered with the exercise of Plaintiff's right to unpaid leave, because Defendant terminated Plaintiff while he was on FMLA leave.

33. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

34. Because Defendant cannot show that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

35. Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, ANTHONY CIOLLI, demands judgment against Defendant for back pay, reinstatement and in the alternative front pay in the event reinstatement is not practical, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## FMLA - RETALIATION

36. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through twenty-seven (27), above, as if fully set forth herein

37. At all times relevant hereto, Defendant retaliated against Plaintiff because he exercised his right to take leave from work that was protected under the FMLA.

38. At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA by terminating him for not returning while his FMLA leave was still on going.

39. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised his right to leave pursuant to the FMLA.

40. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

41. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

42. Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, ANTHONY CIOLLI, demands judgment against Defendant for back pay, reinstatement and in the alternative front pay in the event reinstatement is not practical, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA

43. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through twenty-seven (27), above, as if fully set forth herein.

44. Plaintiff was a qualified individual with a disability.

45. Plaintiff was perceived as disabled by Defendant.

46. Defendant was Plaintiff's employer as defined by the ADAAA.

47. Defendant discriminated against Plaintiff because of his actual or perceived disability in violation of the ADAAA.

48. Defendant discriminated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendant of his request for an accommodation of FMLA leave due to injuries.

49. Defendant had actual or constructive knowledge of the discriminatory conduct.

50. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

51. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

52. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

53. Defendant's violations of the ADAAA were willful.

54. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

WHEREFORE, Plaintiff, ANTHONY CIOLLI, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the ADAAA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF DISCRIMINATION UNDER ADAAA

55. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through twenty-seven (27), above, as if fully set forth herein.

56. Plaintiff requested an accommodation under the ADAAA to take FMLA leave.

57. Plaintiff was approved to take FMLA leave until September 25, 2019.

58. However, one day before Plaintiff's FMLA was scheduled to end, Plaintiff was notified that he was terminated.

59. Plaintiff engaged in protected activity when he requested an accommodation under the ADAAA.

60. Plaintiff was terminated in retaliation for requesting an accommodation under the ADAAA.

61. This retaliation resulted in Plaintiff's termination.

62. By the conduct described above, Defendant retaliated against Plaintiff because he engaged in protected activities in violation of the ADAAA.

63. Defendant knew, or should have known; of the retaliation that Plaintiff was subjected.

64. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

WHEREFORE, Plaintiff, ANTHONY CIOLLI, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the ADAAA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT V
## DISABILITY DISCRIMINATION UNDER THE FCRA

65. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through twenty-seven (27), above, as if fully set forth herein.

66. Plaintiff was a qualified individual with a disability.

67. Plaintiff was perceived as disabled by Defendant.

68. Defendant was Plaintiff's employer as defined by the FCRA.

69. Defendant discriminated against Plaintiff because of his actual or perceived disability in violation of the FCRA.

70. Defendant discriminated against Plaintiff because he exercised his rights under the FCRA by notifying Defendant of his request for an accommodation of leave from work due to his injuries.

71. Defendant had actual or constructive knowledge of the discriminatory conduct.

72. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

73. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the FCRA.

74. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

75. Defendant's violations of the FCRA were willful.

76. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the FCRA.

WHEREFORE, Plaintiff, ANTHONY CIOLLI, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the ADAAA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT VI
## RETALIATION IN VIOLATION OF DISCRIMINATION UNDER FCRA

77. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through twenty-seven (27), above, as if fully set forth herein.

78. Plaintiff requested an accommodation under the FCRA to take FMLA leave.

79. Plaintiff was approved to take FMLA leave until September 25, 2019.

80. However, one day before Plaintiff's FMLA was scheduled to end, Plaintiff was notified that he was terminated.

81. Plaintiff engaged in protected activity when he requested an accommodation under the FCRA.

82. Plaintiff was terminated in retaliation for requesting an accommodation under the FCRA for his disability and/or perceived disability.

83. This retaliation resulted in Plaintiff's termination.

84. By the conduct described above, Defendant retaliated against Plaintiff because he engaged in protected activities in violation of the FCRA.

85. Defendant knew, or should have known; of the retaliation that Plaintiff was subjected.

86. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

WHEREFORE, Plaintiff, ANTHONY CIOLLI, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment

interest; declaratory judgment that Defendant's practices violate the ADAAA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 17th day of November, 2020.

        Respectfully submitted,

        **/s/ Gregory Schmitz**
        Gregory R. Schmitz, Esq.
        FBN 0094694
        Ryan D. Naso, Esq.
        FBN 1010800
        Morgan & Morgan, P.A.
        20 N. Orange Ave., 14th Floor
        Orlando, FL 32802-4979
        Telephone: (407) 236-9175
        Facsimile: (407) 245-3401
        Email: gschmitz@forthepeople.com
              rnaso@forthepeople.com
              mbarreiro@forthepeople.com
        ***Attorneys for Plaintiff***